```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - x

In re:                               :

MICHAEL ROMEO                        :   BK No. 10-14371
ROXANE ROMEO                         :      Chapter 13
          Debtors                    
- - - - - - - - - - - - - - - - - - x
PAUL A. LAWLESS                      :
ALICE M. LAWLESS                     
          Plaintiffs                 :

v.                                   :   A.P. No. 11-1007

MICHAEL ROMEO                        :
ROXANE ROMEO                         
          Defendants                 
- - - - - - - - - - - - - - - - - - x
```

**<u>DECISION AND ORDER GRANTING IN PART AND DENYING IN PART
DEBTORS' MOTION TO DISMISS COMPLAINT OBJECTING
TO DISCHARGEABILITY OF DEBT</u>**

APPEARANCES:

    Kevin D. Heitke, Esq.
    Attorney for Debtors/Defendants
    P.O. Box 556
    1452 Broncos Highway, Suite 203
    Harrisville, Rhode Island 02830

    Brian LaPlante, Esq.
    Michael J. Jacobs, Esq.
    Attorneys for Plaintiffs
    LaPlante Sowa Goldman
    67 Cedar Street
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-14371; A.P. No. 11-1007

Heard on the Defendants' ("Romeo") Motion to Dismiss Plaintiffs' Complaint "due to Plaintiffs' failure to state and inability to state a claim upon which relief can be granted." Defendants' Memorandum of Law, at 1.

## (ATTEMPTED) ANALYSIS OF THE PLEADINGS

The Plaintiffs seek a ruling "that the debt owed to them [the Lawlesses] is non-dischargeable" under 11 U.S.C. §§ 523(a)(2) and (a)(6) and for an award of "attorneys' fees and costs." The Complaint consists of thirty-three numbered paragraphs, but fails to otherwise separate the allegations into discrete counts identifying which allegations apply to § 523(a)(2) and which to (a)(6).[1] Except for one instance, ¶7, which alleges that Michael Romeo used a backhoe to destroy the Plaintiffs' driveway and landscaping, the Complaint ascribes all the improper conduct to both Defendants. The Complaint focuses on two areas. First, that the "Debtors destroyed the same yard in which the Lawlesses had watched their children and grandchildren grow and play," ¶8, that the "Debtors refused to cease destroying the Lawlesses' decades old improvements," ¶9, and that they "construct[ed] a new fence on the Lawless Property." ¶10. For want of a better term the Court will refer to and treat this as a "boundary dispute" between neighbors.

---

[1] The Complaint as drafted leaves a lot to be desired, and comes perilously close to being subject to dismissal on the ground that, in general, it is legally incomprehensible.

1

BK No. 10-14371; A.P. No. 11-1007

Paragraphs 11-17 of the Complaint deal with the state court resolution of the "boundary dispute" via a "Consent Judgment." In that document the Defendants agreed to pay $10,000 to Plaintiffs over time, and specified certain consequences for failure to comply, including acceleration of the amount due, plus attorneys' fees. Apparently the Defendants breached the Consent Judgment, ¶18, and the state court accelerated the remaining amounts due, and awarded attorneys' fees and costs.

Plaintiffs allege that the "Debtors induced the Lawlesses to enter into the Consent Judgment and dismiss their claims against the Debtors by false pretenses, false representations, and/or actual fraud." ¶22. Since this is the paraphrased language of §523(a)(2)(A), the Court presumes that the Plaintiffs contend that the Consent Judgment itself was the "debt ... for money, property [or] services" which the Debtors obtained, and our best guess is that the Plaintiffs' theory is that the Debtors fraudulently induced them to enter into the Consent Judgment. Paragraphs 23 and 24 of the Complaint also use paraphrasing, presumably of § 523(a)(6), dealing with debts "for willful and malicious injury by the debtor ... to the property of another entity," and the Court will read the allegations regarding the "boundary dispute" in that light.

2

BK No. 10-14371; A.P. No. 11-1007

**<u>DISCUSSION</u>**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012(b)), the complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). In addition, the Court must "accept[] as true all well-pleaded facts in the complaint and draw[] all reasonable inferences in the plaintiffs' favor." *Freedom From Religion Foundation v. Hanover School District*, 626 F.3d 1,6 (1st Cir. 2010). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1950 (2009). In addition, allegations of fraud carry an even more stringent pleading requirement, and Fed. R. Bankr. P. 7009 makes Fed. R. Civ. P. 9 applicable to this Adversary Proceeding. Rule 9(b) requires that a party "alleging fraud ... must state with particularity the circumstances constituting fraud" although "[m]alice ... and other conditions of a person's mind may be alleged generally." Even when pleading malice "generally" under

3

BK No. 10-14371; A.P. No. 11-1007

this part of Rule 9, the "Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context" and "[i]n the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud." *Iqbal, supra*, at 1954. Pleadings which are merely "bald allegations" should be rejected, because without underlying factual support, their "conclusory nature ... disentitles them to the presumption of truth" at this stage of the proceeding. *Iqbal*, at 1951.

Under these standards, those portions of the Complaint alleging violation of § 523(a)(2)(A), based upon breach of the Consent Judgment, should be, and hereby are **DISMISSED** as to both Defendants. This Section allows a debt to be excepted from discharge if obtained by "false pretenses, false representation or actual fraud." The Plaintiffs allege at ¶15 that the "Debtor and the Lawlesses agreed to enter a Consent Judgment, incidental to confirming the Lawlesses record ownership" of the disputed boundary area. Later, at ¶18, it is alleged that the "Debtors failed to comply with the Consent Judgment." Nowhere does the Complaint tell us what, if any representations were made by the Defendants, or what false pretenses were uttered to induce agreement, or what conduct at the time of the agreement was fraudulent. A representation must be spoken or written before it can be termed

4

BK No. 10-14371; A.P. No. 11-1007

fraudulent, and conduct must be committed before it may be found to be fraudulent.  These Plaintiffs allege only conclusions that parrot the words of the statute, with no underlying factual support.  Indeed, ¶20 can be read to support the idea that the Defendants have in fact partially complied with the Consent Judgment, because the state court "accelerated all amounts due ... [to $13,952] ... which includes the *remaining sum due*" plus attorneys' fees and other costs. (Emphasis added.)  The phrase, "remaining sum due" implies at least some attempt to perform, i.e., that the Defendants partially complied with the Consent Judgment is more indicative of honest intent at the time of the agreement, than of fraud.  If a debtor intends to perform "at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made" under § 523(a)(2)(A). *Palmacci v. Umpierrez*, 121 F.3d 781,787 (1st Cir. 1997).  The essentially unopposed facts in this matter, when compared with Plaintiffs' accusatory ramblings, cut in favor of the Defendants, not the Plaintiffs.  Because of the glaring absence of any specificity when stripped of the verbiage, the Complaint fails to state a claim that is "plausible on its face," which the Supreme Court has held is required under Rule 8, and the allegations here fall even farther short of the particularity needed under Rule 9.  Therefore, the  Complaint is **DISMISSED** as to both Defendants to the

BK No. 10-14371; A.P. No. 11-1007

extent that it purports to allege fraudulent statements or conduct in connection with obtaining the state court Consent Judgment, or any subsequent breach of that judgment.

Plaintiffs' § 523(a)(6) claim rests on a wobbly but, at the pleading stage, not wholly unsupported foundation. Paragraph 7 alleges that Michael Romeo "excavated a significant portion of the Lawlesses' asphalt driveway and destroyed...decades old landscaping and other improvements while abusively driving a backhoe and drinking beer." Paragraphs 9 and 10 add that the Debtors (now including Roxanne Romeo) "refused to cease destroying the Lawlesses' decades old improvements", ¶9, and then "construct[ed] a new fence on the Lawless Property." ¶10. Naturally, Plaintiffs' attribute malicious and willful motives to the Defendants. These portions of the Complaint allege conduct that caused "injury" to Plaintiffs' property which, if proven to be "willful and malicious," *could* be nondischargeable under § 523(a)(6). A finding "of malice requires a showing that the debtor's willful, injurious conduct was undertaken without just cause or excuse," *McAlister v. Slosberg (In re Slosberg)*, 225 B.R. 9, 22 (Bankr. D. Me. 1998). Merely "[n]egligent or reckless acts will not suffice." *Doherty v. Coccia (In re Coccia)*, 351 B.R. 17,21 (Bankr. D.R.I 2006). These determinations – willfulness and malice, vis-a-vis negligence or even recklessness – are not decided on a motion to dismiss, where

6

BK No. 10-14371; A.P. No. 11-1007

the plaintiff is entitled to have all inferences and presumptions drawn in his/her favor. Therefore, at this early stage of the proceedings,[2] the Plaintiffs have alleged, but just barely, sufficient facts to survive the present Motion. Accordingly, the Defendants' Motion to Dismiss is **DENIED** as to the claims and allegations that the physical injury to the Plaintiffs' property regarding the "boundary dispute" was caused by the willful and malicious actions of the Defendants/Debtors.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 15th day of June, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 6/15/11

---

[2] Defendants have yet to file their answer to the Complaint, pending the Court's ruling on this Motion to Dismiss.